IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELANIE E. DAMIAN, as Special Monitor and Equity Receiver for the Estate of Hunter Wise Commodities, LLC, et al., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY CAREY and WINSTON & STRAWN LLP, <br><br> Defendants. | No. 15 C 4335 <br><br> Judge Jorge L. Alonso |

## MEMORANDUM OPINION AND ORDER

Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) is denied for the reasons explained below. The Court determines, however, that it lacks subject-matter jurisdiction, and transfers this action forthwith to the United States District Court for the Southern District of Florida.

### BACKGROUND

This is an action brought by Melanie E. Damian, who was appointed Special Monitor, Corporate Manager, and Equity Receiver for Hunter Wise Commodities, LLC ("Hunter Wise") by Judge Donald M. Middlebrooks of the United States District Court for the Southern District of Florida, who presided over a fraud action brought by the Commodity Futures Trading Commission against Hunter Wise and its principals. Damian brings state-law claims in this case, alleging that Winston & Strawn LLP ("Winston") and a Winston partner, Timothy Carey, committed legal malpractice in their representation of Hunter Wise, and in the alternative that Winston breached its Retainer Agreement with Hunter Wise. The Court assumes the reader's

familiarity with the underlying facts, which are recited in its memorandum opinion and order of March 4, 2016. (ECF No. 43.)

Defendants move to dismiss the complaint for lack of subject-matter jurisdiction.

## DISCUSSION

### A. Legal Standards

When considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a district court accepts as true all well-pleaded factual allegations and draws reasonable inferences from the allegations in favor of the plaintiff. *Citadel Sec., LLC v. Chi. Bd. Options Exch., Inc.*, 808 F.3d 694, 698 (7th Cir. 2015) (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)). The court may also look beyond the allegations of the complaint and consider affidavits and other documentary evidence to determine whether subject-matter jurisdiction exists. *Capitol Leasing*, 999 F.2d at 191.

### B. Subject-Matter Jurisdiction

Plaintiff asserts in the complaint that this court has subject-matter jurisdiction under 28 U.S.C. § 754 "and the principles of ancillary or supplemental jurisdiction" set forth in 28 U.S.C. § 1367. (ECF No. 1, Compl. ¶ 11.) Section 754 governs federal receiverships and provides as follows:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
>
> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.
>
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any

> district shall divest the receiver of jurisdiction and control over all such property in that district.

28 U.S.C. § 754. Section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Defendants assert that there is no authority that supports this Court's jurisdiction over plaintiff's state-law claims under these statutes and, in fact, case law is to the contrary. According to defendants, although the district court that appoints a receiver (here, the District Court for the Southern District of Florida) has ancillary or supplemental jurisdiction over other proceedings brought by a receiver in the performance of her duties, this supplemental jurisdiction does not extend to federal district courts in other districts. Defendants cite several decisions that stand for the proposition that supplemental jurisdiction over state-law claims that arise from a federal receiver's appointment can exist only in the appointing court. *See United States v. Franklin Nat'l Bank*, 512 F.2d 245, 249-52 (2d Cir. 1975) (rejecting the argument that the mere presence of a federally-appointed receiver makes a case one that arises under federal-question jurisdiction, and concluding that an ancillary action can be brought only in the court that appointed the receiver); *Donell v. Braun*, 546 F. Supp. 2d 1013, 1016 (D. Nev. 2008) ("It is very well established that a receiver does not need an independent basis for subject matter jurisdiction in cases filed to accomplish the ends of the receivership within the court of appointment. However, the receiver's ancillary or supplemental subject matter jurisdiction exists only in the appointing court.") (citations omitted); *Baker v. Heller*, 571 F. Supp. 419, 421-

3

22 (S.D. Fla. 1983) ("The fact that a federal receiver has the capacity to sue in another district and files an action in a federal court does not . . . confer subject matter jurisdiction upon that court. . . . [T]he doctrine of ancillary jurisdiction does not apply to the state claims herein because the Special Agent was not appointed by this court."); *see also* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 2985 (3d ed. 2014) ("[I]t is clear that the mere fact that the appointment of a receiver was by a federal court does not make all actions by or against him or her cases arising under the Constitution or laws of the United States for subject-matter-jurisdiction purposes in courts other than the appointing tribunal.").

Defendants contend that in addition to a lack of federal-question jurisdiction, diversity jurisdiction is lacking. In the complaint, plaintiff asserts that diversity jurisdiction is another basis for subject-matter jurisdiction and alleges that she is a Florida citizen and defendants are Illinois citizens. (Compl. ¶ 13.) Plaintiff's specific allegation concerning Winston is that it is a "limited liability partnership, operating as an international law firm with its headquarters in Chicago, Illinois." (*Id.* ¶ 6.) Defendants provide evidence that Winston is not only a citizen of Illinois, but a citizen of Florida as well because it has one capital partner who is a Florida citizen,[1] therefore destroying diversity jurisdiction.

---

[1] The citizenship of a partnership is the citizenship of each of its partners, so that if even one of the partners is a citizen of the same state as the plaintiff, the suit cannot be maintained as a diversity suit. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Winston submits evidence that it currently has, and had at the time this action was filed, a capital partner with an ownership interest in the firm who was (and still is) a Florida citizen. (ECF No. 61-3, Decl. of Thomas Dunham ¶ 4; ECF No. 67-1, Decl. of Michael P. Roche ¶¶ 9-10.)

4

In response, although plaintiff complains about the timing of defendants' motion,[2] she cites no case law that contradicts the decisions cited above. Plaintiff contends that because neither the Supreme Court nor the Seventh Circuit has weighed in on the issue of whether federal courts other than the appointing court have ancillary jurisdiction over a receiver's claims, "it is not altogether clear that this Court lacks subject matter jurisdiction." (ECF No. 65, Pl.'s Mem. Opp'n Defs.' Mot. 7-8.) Plaintiff characterizes the decisions cited by defendants as neither "binding [n]or persuasive," (*id.* at 7), but fails to develop any argument for why this Court should not follow *Franklin*, *Donell*, and *Baker*, especially considering that there is no countervailing authority. The Court agrees with the reasoning of those courts and thus concludes that there is no federal-question jurisdiction here. Furthermore, plaintiff does not submit any evidence that contradicts Winston's evidence of its Florida citizenship. Accordingly, the Court lacks subject-matter jurisdiction over this action.

**C.     Transfer or Dismissal?**

Defendants seek a dismissal. Plaintiff, on the other hand, contends that if the Court concludes that subject-matter jurisdiction is lacking, it should transfer the case to the Southern District of Florida instead of dismissing it, pursuant to the transfer statute, which states as follows:

> Whenever a civil action is filed in a [United States District Court] . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and

---

[2]Plaintiff implies repeatedly that defendants' motion amounts to gamesmanship. But the Court does not see it that way. Counsel for parties litigating in federal court "must investigate rather than assume jurisdiction." *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693-94 (7th Cir. 2003). Defendants' full investigation of jurisdiction may not have come at the outset of this case, but the Court appreciates that it occurred.

> the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

The parties dispute whether this action "could have been brought" in the Southern District of Florida. Defendants say no, because that court lacks personal jurisdiction over them. They first argue that plaintiff "already tried to bring this case in the Southern District of Florida, but that court dismissed the case, finding that it lacked personal jurisdiction over both Defendants." (ECF No. 68, Defs.' Reply at 9.) It is true that plaintiff originally brought the claims she asserts here in an action filed in the Southern District of Florida and that Judge Kathleen M. Williams of that district dismissed the claims for lack of personal jurisdiction. (ECF No. 61-2, *Damian v. Grossman*, No. 14-CV-23475, Order of Apr. 22, 2015.) But Judge Williams based her decision on Damian's failure to satisfy the threshold procedural requirement for personal jurisdiction in a case brought by a federal receiver under 28 U.S.C. § 754—that the receiver, "within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located." As set forth above, the failure to do so "divest[s] the receiver of jurisdiction and control over all such property in that district." 28 U.S.C. § 754. Judge Williams did not, and was not required to, engage in a substantive analysis of personal jurisdiction.

In their reply brief, defendants discuss at length their contacts with the Southern District of Florida, or lack thereof. But in ancillary proceedings brought by a receiver in the appointing court, personal jurisdiction can be obtained over one who holds receivership assets in a remote district even in the absence of minimum contacts. The Court of Appeals for the District of Columbia Circuit explained the procedure as follows:

6

> We begin with the threshold question of whether the United States District Court for the District of Columbia has personal jurisdiction over the defendant, a Tampa, Florida resident who claims not to have any contacts with the District of Columbia. In *SEC v. Vision Communications, Inc.*, a case also involving a receiver in a proceeding ancillary to an SEC enforcement action, we explained how such personal jurisdiction could be obtained. 74 F.3d 287, 290-91 (D.C. Cir. 1996). Step one involves Federal Rule of Civil Procedure 4(k)(1)(D), which provides that "[s]ervice of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant . . . when authorized by a statute of the United States."• Fed. R. Civ. P. 4(k)(1)(D). Step two requires a statute that provides the "needed 'authorization' to have [the defendant] served" in a district "outside the territorial boundaries of the U.S. District Court for the District of Columbia."• 74 F.3d at 290. Section 1692 of Title 28, we said, could provide such authorization. *Id.* That section states:
>
>> In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district but orders affecting the property shall be entered of record in each of such districts.
>
> 28 U.S.C. § 1692. Finally, "to invoke § 1692, a receiver first must comply with 28 U.S.C. § 754."• 74 F.3d at 290. Under that section, "a receiver appointed in one district may obtain jurisdiction over property located in another district by filing in the district court of that district, within ten days after the entry of his order of appointment, a copy of the complaint and his order of appointment." *Id.* Thus, we said, § 754 is "a stepping stone on [the court's] way to exercising *in personam* jurisdiction over" one who holds receivership assets in a remote district. *Id.* at 290.

*SEC v. Bilzerian*, 378 F.3d 1100, 1103 (D.C. Cir. 2004). The *Bilzerian* court held that the interplay between Rule 4(k) and 28 U.S.C. §§ 754 and 1692 provided the district court, which had appointed the receiver, with personal jurisdiction over a defendant who held receivership assets in a remote district regardless of the defendant's lack of minimum contacts with the forum. *Id.* at 1106 & n.8. In reaching its conclusion, the court relied on *Haile v. Henderson National Bank*, 657 F.2d 816, 823-26 (6th Cir. 1981), which reasoned that the minimum-contacts standard set out in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), as a limitation on

7

extraterritorial power, does not apply in this situation because service of process under § 1692 is nationwide.³ 378 F.3d at 1103-06.

After defendants' motion was fully briefed, plaintiff filed 1) a notice that Judge Middlebrooks had reappointed her as Receiver for Hunter Wise; 2) a copy of Judge Middlebrooks's order; and 3) a copy of the required § 754 notice that she had filed in this district. (ECF No. 75.) In response, defendants do not dispute that plaintiff has thus complied with § 754 (other than calling it "purported" compliance for unexplained reasons), but they argue that the district court in the Southern District of Florida still would not have personal jurisdiction over them, under *Stenger v. World Harvest Church, Inc.*, No. 02 C 8036, 2003 WL 22048047 (N.D. Ill. Aug. 29, 2003),⁴ in which the district court held that 28 U.S.C. §§ 754 and 1692 do not, by themselves, confer extraterritorial personal jurisdiction but merely permit a receiver to obtain *in rem* jurisdiction over receivership property.⁵ For the reasons stated by the Court of Appeals in *Bilzerian*, which expressly disagreed with *Stenger*'s approach, this Court concludes that the federal receivership statutes provide for nationwide service of process and therefore that this

---

³Where nationwide service of process is authorized, the minimum-contacts issue becomes whether the defendant has minimum contacts with the United States. *Bilzerian*, 378 F.3d at 1106 n.8.

⁴Defendants also cite *Stenger v. Leadenhall Bank & Trust Co.*, No. 02 C 8655, 2004 WL 609795, at *7-8 (N.D. Ill. Mar. 23, 2004), in which another judge of this court followed the reasoning of the prior *Stenger* decision.

⁵Defendants also refer to a brief discussion in Judge Williams's decision dismissing plaintiff's original action in which the court stated that it was not "clear" from the complaint or briefing whether the malpractice claims or legal fees at issue constitute property of the receivership estate such that §§ 754 and 1692 would apply. But defendants fail to develop any argument on this issue and thus waive it. *See Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 852 (7th Cir. 2002). In any event, it is this Court's view that it can be plausibly inferred from the allegations in the instant complaint that plaintiff seeks to recover property of the receivership estate.

action could have been brought against defendants in the Southern District of Florida in light of their sufficient contacts with the United States. *See also In re First Farmers Fin. Litig.*, No. 14 CV 7581, 2017 WL 85442, at *3-4 (N.D. Ill. Jan. 10, 2017) (concluding that the court could assert personal jurisdiction where the receiver brought claims against an out-of-state defendant and stating that the court "respectfully disagrees with the *Stenger* court's reasoning and instead agrees with the reasoning of the D.C. Circuit, the Sixth Circuit, the First Circuit, and a number of other courts."). The Court therefore need not address the parties' arguments regarding defendants' contacts with the Southern District of Florida.[6]

Defendants contend that even if this action could have been brought in the Southern District of Florida, it would not be in the interest of justice to transfer it there. They argue that the statute of limitations is not a concern, at least with respect to the issue of dismissal versus transfer, and they also dispute plaintiff's suggestions that they have employed unfair litigation tactics. In the Court's view, both of these considerations are neutral factors in its decision. Defendants also point out that plaintiff can bring her claims in Illinois state court, and contend that plaintiff's transfer request should not be granted because she is responsible for the posture of this case by failing to conduct sufficient pre-suit investigation of subject-matter jurisdiction. But there is no indication that plaintiff is litigating this matter in bad faith, and the Court is not concerned with blame. It is concerned with the efficient administration of justice, which would be better served by a transfer rather than dismissal. Transfer would avoid any problems and

---

[6]As for due-process considerations, the analysis "under a nationwide service of process statute is straightforward. Domestic companies and individuals, almost by definition, have minimum contacts with the United States, so there may be general personal jurisdiction in any federal court throughout the country." *First Farmers*, 2017 WL 85442, at *5 (further noting that the *Bilzerian* court did not conduct a due-process "fairness" inquiry).

additional costs that would arise from the parties' having to start from scratch in state court. It would also facilitate judicial efficiency by permitting the management of claims regarding receivership property in a single forum. *See id.* at *4 (quoting *Quilling v. Cristell*, No. Civ. A. 304CV252, 2006 WL 316981, at *4 (W.D.N.C. Feb. 9, 2006)).

Because this Court lacks subject-matter jurisdiction, this action could have been brought in the appointing district court (the United States District Court for the Southern District of Florida), and a transfer there would be in the interest of justice, the Court denies defendants' motion to dismiss the action and grants plaintiff's request to transfer it.

## CONCLUSION

Defendants' motion to dismiss the complaint [60] is denied, but the Court concludes that it lacks subject-matter jurisdiction over this action and transfers it forthwith to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1361.

**SO ORDERED.**  ENTERED:  March 30, 2017

_____
**JORGE L. ALONSO**
**United States District Judge**